FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2015 FEB -6 PM 1: 49

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

RICHARD RANDALL,

    Plaintiff,

vs.

CASE NO.: 2:14-CV-581-JES-DNF

DL POOL SERVICE, LLC, a
Florida Limited Liability Company,

2:15-cv-70-FtM-29CM

    Defendant.    /

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RICHARD RANDALL, by and through undersigned attorney, and sues the Defendant, DL POOL SERVICE, LLC, a Florida for profit limited liability company, (hereinafter "Defendant"), and alleges as follows:

I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure

the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

II. PARTIES

2. Plaintiff was an hourly paid employee working as a pool service technician at Defendant's property within the last three years and performed related activities for Defendant in Lee County, Florida.

3. Plaintiff worked in this capacity from January 19, 2013 through March 9, 2014.

4. Defendant, DL POOL SERVICE, LLC, is a Florida limited liability comapny that operates and conducts business in, among others, Lee County, Florida and is therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

III. JURISDICTION

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

IV. COVERAGE

7. At all material times relevant to this action (2011-2014), DL POOL SERVICE, LLC, was an enterprise covered by the FLSA.

8. At all material times (2011 – 2014), Defendant, DL POOL SERVICE, LLC, was an employer as defined by 29 U.S.C. §203(d).

9. At all material times relevant to this action (2011-2014), the Defendant, DL POOL SERVICE, LLC, had two or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise working on goods or materials that have been moved in or produced for such commerce. (i.e. purchasing equipment and supplies from companies and vendors located outside of Florida, accepting payment for services rendered from financial institutions located outside of Florida, utilizing financing for customers provided by out of state financial institutions).

10. Additionally, Plaintiff was, at all times relevant to the violations of the FLSA (2011-2014), individually engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1) as he was required to use pool cleaning and maintenance equipment and supplies that were moved through commerce.

11. In addition, Plaintiff was individually engaged in commerce in that he would accept payments from Defendant's customers using credit and debit cards and other forms of payment issued by out of state financial institutions.

12. At all material times (2011-2014), Defendant had and continues to have, an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00) (exclusive of excise taxes at the retail level which are separately stated).

## FACTUAL ALLEGATIONS

13. Defendant, DL POOL SERVICE, LLC, is a pool and spa servicing and construction company providing various pool and spa maintenance and repair services to its customers as well as custom designed pool and spa construction, and other products and services.

14. Plaintiff was employed by Defendant as a service technician from January 19, 2013 through March 9, 2014.

15. Plaintiff was paid a weekly salary during his employment with Defendant.

16. Plaintiff was required to service commercial and residential pools and spas on behalf of the Defendant.

17. Plaintiff was required to work in excess of forty (40) hours per week but was told that he was a salaried employee and therefore not eligible for overtime payment.

18. Defendant failed to keep accurate time records for the Plaintiff.

19. As a result of this compensation practice, Plaintiff did not receive full and proper payment of time and one half his regular rate of pay for all hours worked in excess of forty (40) within a work week in one or more weeks.

20. This suit seeks payment of all of the time worked by Plaintiff in excess of forty (40) hours per week that resulted in the Plaintiff working overtime hours but not being compensated at a rate of no less than time and one half his regular hourly rate.

21. Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of 40 within a workweek.

22. Defendant was unjustly enriched by accepting the benefit and value of Plaintiff's work but not compensating Plaintiff for this work.

23. Defendant provided Plaintiff with all necessary supplies in order for him to perform his job duties.

24. Defendant required Plaintiff to report to work according to its own work schedule.

25. Defendant required Plaintiff to undergo training upon hiring.

26. Plaintiff routinely worked more than forty (40) hours per week without being paid overtime compensation.

27. Instead, Plaintiff was misclassified as an exempt employee and paid a salary for all hours worked and did not receive the premium rate of time and one-half his straight hourly rate for hours worked over forty (40) in a work week in violation of the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-33 above as though fully stated herein.

29. Plaintiff, RICHARD RANDALL, worked for Defendant, DL POOL SERVICE, LLC, from approximately January 19, 2013 through March 9, 2014 as a service technician for Defendant's business located in Ft. Myers, Florida (Lee County).

30. The Defendant, DL POOL SERVICE, LLC, is a for profit limited liability company formed and existing under the laws of the State of Florida and at all times, during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

31. Throughout Plaintiff's employment, the Defendant, DL POOL SERVICE, LLC, repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate at which he was employed for workweeks longer than forty (40) hours.

32. Specifically, Plaintiff was paid a salary and misclassified as an exempt employee even though he performed non-exempt job duties, and was not paid any additional compensation for hours worked in excess of forty (40) within a work week as a result of this misclassification.

33. In addition, Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

34. Also, Defendant failed to post required FLSA informational listings as required by the FLSA for Plaintiff.

35. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

WHEREFORE, Plaintiff demands judgment against the Defendant, DL POOL SERVICE, LLC, for the payment of all overtime hours at one and one-half times the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and

costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

<u>DEMAND FOR JURY TRIAL</u>

36.    Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this _24_ day of January, 2015.

                                               Carlos V. Leach, Esquire
                                               FBN 0540021
                                               Morgan & Morgan, P.A.
                                               20 N. Orange Ave., 4th Floor
                                               P.O. Box 4979
                                               Orlando, FL 32802-4979
                                               Telephone:  (407) 420-1414
                                               Facsimile:  (407) 420-5956
                                               Email: cleach@forthepeople.com
                                               Attorneys for Plaintiff